# SCARINCI HOLLENBECK
## ATTORNEYS AT LAW

New York | New Jersey | Washington, D.C.

**ROBERT E. LEVY** | Partner | Certified Civil and Criminal Trial Attorney
rlevy@scarincihollenbeck.com
Direct Phone: 201-623-1202 | Fax: 201-896-8660

January 20, 2015

**Via Electronic Filing and Regular Mail**
The Hon. Katharine S. Hayden, U.S.D.J.
United States District Court, District of New Jersey Newark
Frank R. Lautenberg U.S. P.O. & Courthouse Building
Room 311
Newark, NJ 07102

     RE:    **American BD Company v. Local 863 I.B. of T. Pension Plan**
              **Docket No.: 2:13-cv-3699-KSH-CLW**
              **Our File No.: 12073.2000**

Dear Judge Hayden:

As you may recall, we represent Plaintiff American BD Company in the above captioned matter. Defendant submitted a letter to the court dated January 9, 2015, Document No. 31, which warrants a response. To the extent this letter requires permission pursuant to L. Civ. R. 7.1(d), we respectfully request this letter be considered in the interest of justice.

The new statutory language in the Multiemployer Pension Reform Act of 2014 is designed to clarify the previously worded edition of the statute, which no one can dispute needed clarification. Defendant assumes that the newly enacted statute changed the substance of the law, but nothing in the amendment could lead to such a conclusion. To support its position, Defendant makes general allegations and conclusory statements without any legal support. Defendant therefore stretches to all limits the principle of constructive repeal in its attempt to do so.

January 20, 2015
Page 2

Defendant seeks to apply the principle of repeal by implication. <u>Radzanower v. Touche Ross & Co.</u>, 426 U.S. 148 (1976) sets forth the principle for this cannon of statutory construction.

> It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored. There are, however, two well-settled categories of repeals by implication - (1) where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act. But, in either case, the intention of the legislature to repeal must be clear and manifest....

<u>Radzanower</u>, 426 U.S. at 154 (internal citations omitted). The Supreme Court continues:

> It is not enough to show that the two statutes produce differing results when applied to the same factual situation, for that no more than states the problem. Rather, when two statutes are capable of coexistence, it is the duty of the courts... to regard each as effective.

<u>Id.</u> at 155 (internal citations omitted).

Generally, repeals by implication are disfavored. Defendant bears the burden and yet fails to establish how the amendment is repealed by implication. Additionally, the amendment does not fall within any of the exceptions. Here, the provisions are not irreconcilable because the statute clarifies that surcharges are excluded. Without legislative history or committee reports, Defendant further fails to demonstrate the legislature's intent to clearly repeal the prior act. Accordingly, the application of this statutory cannon is inapplicable.

For the foregoing reasons, we continue to argue that American BD's withdrawal liability should properly and legally exclude the surcharge as previously argued before this court.

Respectfully submitted,

/s/ *Robert E. Levy*

ROBERT E. LEVY
For the Firm
REL/aav

4810-7543-5297, v. 1

January 20, 2015
Page 3

cc: Kenneth I. Nowak, Esq. (via e-filing)

4810-7543-5297, v. 1