UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN B.D. COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>LOCAL 863 INTERNATIONAL<br>BROTHERHOOD OF TEAMSTERS PENSION<br>PLAN,<br><br>*Defendant*. | Civil No.: 13-3699 (KSH) (CLW)<br><br><br><br>**OPINION AND ORDER** |

This matter comes before the Court by way of a motion for summary judgment by plaintiff American B.D. Company ("ABD"). (D.E. 34.) ABD brought this action to challenge an arbitrator's award, requiring it to pay a 10% surcharge as part of its obligation to defendant Local 863 International Brotherhood of Teamsters Pension Plan (the "Fund") when ABD withdrew from the pension plan. (D.E. 1 ("Compl.") ¶¶ 40-44.) The complaint alleges that ABD contributed to the Fund for a number of years until it received notice in September 2008 that the Fund was in "critical status" and that ABD was required to cover funding deficiencies of approximately $5 million. (Compl. ¶¶ 7, 11, 12.) After attempted negotiations, ABD gave notice of its intent to withdraw from the Fund in August 2011. (Compl. ¶ 14.) In calculating ABD's financial obligations to the Fund upon withdrawal, the Fund's actuary determined that a 10% surcharge should be added to the calculation of quarterly payments due. (Compl. ¶¶ 14-18.)

1

ABD disputed this surcharge and submitted the matter to arbitration on December 2, 2011. (Compl. ¶ 22.)

At arbitration, the parties agreed that the two critical calculations to compute ABD's withdrawal liability are (i) what portion of the plan's unfunded vested benefit obligation is attributable to ABD, and (ii) what method should be used to determine the amount that ABD must pay annually towards satisfaction of the withdrawal liability. (Compl. ¶¶ 23-25.) The parties agreed on the amount of the first calculation, but ABD challenged the second calculation method, arguing that the method employed should not include a 10% surcharge. (Compl. ¶¶ 24-27.) The arbitrator agreed with the Fund's calculation of the withdrawal liability in an Opinion and Award dated May 16, 2013. (Compl. Ex. B.) A Second Corrected Opinion and Award was issued after ABD sought reconsideration of certain aspects of the arbitrator's rulings, but it did not change the determination that the 10% surcharge was appropriate. (Compl. ¶¶ 33-39, Ex. A.) Specifically, the arbitrator stated that "[u]nder Erisa Section 305(e)(7)(A) (29 U.S.C. § 1085), surcharges are statutorily prescribed additions to negotiated contributions to multi-employer plans in the 'red zone' or 'critical status.'" (Compl. ¶ 33.)

Both ABD and the Fund moved before this Court for summary judgment. Their motions were administratively terminated pending the Third Circuit's decision on an appeal filed in *Board of Trustees of IBT Local 863 Pension Fund v. C & S Wholesale Grocers Inc.*, 2013 WL 8120838 (D.N.J. Mar. 19, 2014) (Linares, J.), in which the district court had ruled on the same issue.[1] The Third Circuit issued its decision on September 16, 2015, concluding that the 10% surcharge was not an appropriate part of the withdrawal liability under 29 U.S.C. §

---

[1] "This appeal arises from a disagreement between [C & S] and the [Trustees of the Local 863 Pension Fund] about the amount that [C & S] should pay annually after withdrawing from [the pension fund] in 2011." *Board of Trustees of IBT Local 863 Pension Fund v. C & S Wholesale Grocers, Inc.*, 802 F.3d 534, 535 (3d Cir. 2015).

2

1085(e)(7)(A).  *C & S Wholesale Grocers, Inc.*, 802 F.3d at 543-44.  On the basis of that holding, ABD has filed the instant summary judgment motion, which was unopposed.  (D.E. 34.)

On January 8, 2016, this Court ordered the Fund to show cause in writing why summary judgment in favor of ABD should not be granted.  (D.E. 35.)  The Fund timely responded that the Third Circuit's decision "authoritatively decides the question of whether the Pension Fund may, pursuant to 29 U.S.C. § 1085(e)(7), collect a ten percent (10%) surcharge on American B.D. Company's quarterly withdrawal liability payments, and has answered that question in the negative."  In the context of the order to show cause why summary judgment should not be granted, the Court construes this response to be, It should.

Both parties being agreed as to the disposition of the motion, and the Court being satisfied that the Third Circuit has spoken to the issue in dispute,

**IT IS** on this 22nd day of January, 2016, hereby

**ORDERED** that plaintiff American B.D. Company's motion for summary judgment is **GRANTED**.

/s/ Katharine S. Hayden_____
Katharine S. Hayden, U.S.D.J.

3